MICHAEL J. REDENBURG, ESQ. PC
Michael Redenburg, Esq. (NY #MR4662)
11 Park Place, Suite 817
New York, NY 10007
Telephone: (212) 240-9465
Facsimile: (917) 591-1667

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOSEPH SALTALAMACCHIA,**<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**CITY OF NEW YORK, NYPD Officers JOHN DOES 1 THROUGH 10,** individually and in their official capacities (the names John Doe being fictitious, as the true names are presently unknown).<br><br>　　　　　　　　　　**Defendants.** | **Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No.: 15 - 4003 |

### PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and New York City Police Officers John Does 1 through 10, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting him, and for the John Doe's failure to intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, Plaintiff resides in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Joseph Saltalamacchia ("Plaintiff" or "Mr. Saltalamacchia") is a seventy two (72) year old man who resides in the County of Queens, in the City and State of New York.

6. Plaintiff is a Vietnam War Veteran who suffers from Post Traumatic Stress Disorder ("PTSD").

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. The individual defendants are members of the New York City Police Department ("NYPD") who were so employed on June 23, 2015. The defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

9. The Incident which is the subject of the instant Complaint took place in the early afternoon of June 23, 2015, in front of Liberty Bell Car Care ("Liberty Bell"), 8625 Liberty Avenue, Ozone Park, NY, 11417.

10. Plaintiff drove to Liberty Bell because his automobile was having starter issues.

11. He parked in front of Liberty Bell and approached his mechanic who was standing by the garage.

12. As Plaintiff and his mechanic were walking back to Plaintiff's car, he noticed a Traffic Agent walking toward his car, and she told Plaintiff he was 'double parked.'

13. In response, Plaintiff asked the traffic agent if she was trying to meet a quota.

14. Two more Traffic Agents arrived on the scene as did his wife, who had come to pick Plaintiff up.

15. The Traffic Agent gave Plaintiff a summons for double parking.

16. Next, an NYPD Lieutenant and Officer arrived and placed Plaintiff under arrest, informing him that he was being arrested for Obstructing Governmental Administration in the 2nd Degree.

17. Plaintiff was handcuffed and transported to the 106th Precinct for processing.

18. At the Precinct, Officers were laughing in disbelief at the criminal charges being levied against Plaintiff, a well-presenting, seventy two (72) year old man.

19. Plaintiff was taken to Queens Central Booking to await arraignment and while being held, Plaintiff became restless and anxious resulting from his PTSD.

20. At arraignment, the matter was adjourned in contemplation of dismissal.

21. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation and damage to his reputation – all to his detriment.

## FIRST CLAIM
*Unreasonable Search and Seizure*

22. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23. Defendants violated the Fourth and Fourteenth Amendments because they stopped, searched and seized Plaintiff without any reasonable suspicion or arguable probable cause to do so.

24. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

25. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, embarrassment, degradation and damage to his reputation – all to his detriment.

## SECOND CLAIM
*False Arrest*

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

28. The defendants' intentionally confined Plaintiff, without Plaintiff's consent and against Plaintiff's will.

29. Plaintiff was at all times aware of the confinement and Plaintiff's confinement was not otherwise privileged.

30. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
*Failure to Intervene*

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

33. Defendant John Does 1-10 swore out the criminal court complaint against Plaintiff and failed to intervene in Plaintiff's false arrest as their duty required.

34. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

35. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## FIRST AMENDMENT RETALIATION

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. §1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated Plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest to deter the exercise of his First Amendment rights. The Defendant Officers' actions against Plaintiff were taken in retaliation for Plaintiff exercising his First Amendment rights, when he asked the Traffic Agent if she was trying to meet a quota.

5


38. As a consequence of the Defendant Officers' actions, Plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First-Amendment protected activities.

39. As a direct and proximate cause of the individual defendants' unlawful actions, Plaintiff has suffered damages including mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and damage to his reputation.

## FIFTH CLAIM
*MONELL CLAIM*

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

42. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

43. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

44. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

45. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

46. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a

finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

47. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

48. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

49. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

50. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

51. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation and he suffered damage to his reputation – all to his detriment.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a.  Compensatory damages against all defendants, jointly and severally;

b.  Punitive damages in an amount to be determined by a jury;

c.  Reasonable attorneys' fees and costs; and

d.  Such other relief as this Court shall deem just and proper.

Dated: July 8, 2014
New York, NY

> s/Michael J. Redenburg_____
> Michael J. Redenburg (NY #MR4662)
> MICHAEL J. REDENBURG, ESQ. PC
> 11 Park Place, Suite 817
> New York, NY 10007
> mredenburg@mjrlaw-ny.com
> 1-212-240-9465 (Phone)
> 1-917-591-1667 (Fax)